Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Calvin Reginald Greene, Jr. | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | |
| Case number: | | |
| (If known) | | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
Section 3.4 to remove lien avoidance treatment since claims are treated and paid in Sections 3.2 and 3.3.

☐ Post-confirmation modification

## District of South Carolina
## Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$495.00** per **Month** for **57** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

| Debtor | Calvin Reginald Greene, Jr. | Case number |
|---|---|---|

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ Debtor will retain any income tax refunds received during the plan term.
- ☐ Debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.   Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by

Debtor    **Calvin Reginald Greene, Jr.**    Case number

section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor and description of property securing lien | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Boss Disaster Restoration, Inc. | $4,664.92 | 1729 Heritage Park Road Charleston, SC 29407 Charleston County TMS# 350-02-00-096 | $130,000.00 | $124,481.83 | $1,941.32 | 6.00% | $40.00 (or more) |

*Insert additional claims as needed.*

3.3   **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| First Credit | 1729 Heritage Park Road Charleston, SC 29407 Charleston County TMS# 350-02-00-096 | $1,076.80 | 6.00% | $22.00 (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| Lendmark Financial Services | 2007 BMW 525i 149,486 miles VIN: WBANE53547CW66621 | $6,609.00 | 6.00% | $134.00 (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| Portfolio Recovery Associates, LLC | 1729 Heritage Park Road Charleston, SC 29407 Charleston County TMS# 350-02-00-096 | $4,095.00 | 6.00% | $83.00 |

Debtor __Calvin Reginald Greene, Jr.__  Case number _____

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor (or more) |
|---|---|---|---|---|
| Regional Finance Corp. | 1729 Heritage Park Road Charleston, SC 29407 Charleston County TMS# 350-02-00-096 | $1,532.23 | 6.00% | $57.00 Disbursed by: ☑ Trustee ☐ Debtor |
| SC Department of Revenue | 2015 Form SC1040 | $854.00 | 6.00% | (or more) $18.00 Disbursed by: ☑ Trustee ☐ Debtor |
| Zales | Jewelry | $94.00 | 6.00% | (or more) $9.00 Disbursed by: ☑ Trustee ☐ Debtor |

(or more)
Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
|---|---|---|---|---|---|---|
| Sunbelt Credit Household Items | $1,000.00 | $0.00 | $200.00 SC Code Section 15-41-30(A)(3) | $200.00 | $0.00 | $1,000.00 (100% of allowed claim) |

| Debtor | Calvin Reginald Greene, Jr. | | | Case number | | |
|---|---|---|---|---|---|---|
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
| Western Shamrock Corp<br><br>Household Items | $1,287.00 | $0.00 | $200.00<br>SC Code Section 15-41-30(A)(3) | $200.00 | $0.00 | $1,287.00<br>(100% of allowed claim) |

*Use this for avoidance of liens on co-owned property only*

**3.5    Surrender of collateral.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**N/A** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

District of South Carolina

Effective December 1, 2017                              Chapter 13 Plan                              Page 5

| Debtor | Calvin Reginald Greene, Jr. | Case number | |
|---|---|---|---|

c.  Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:    Nonstandard Plan Provisions

Debtor  Calvin Reginald Greene, Jr.                              Case number

### 8.1 Check "None" or List Nonstandard Plan Provisions
☐ None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1(a) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(b) The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

### 8.1(c) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

### Part 9: Signatures:

**9.1 Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X *Calvin Reginald Greene, Jr.* (signed)          X _____
Calvin Reginald Greene, Jr.                                Signature of Debtor 2
Signature of Debtor 1

Executed on July 17, 2018                            Executed on
                                                     Date  7/17/18

X (signed)
Robert R Meredith Jr 6152
Elizabeth R Heilig 10704
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 18-02036-jw |
| ) | |
| Calvin Reginald Greene, Jr. ) | CHAPTER 13 |
| 1797 Greenmore Drive ) | |
| Charleston, SC 29407 ) | |
| SSN xxx-xx-7609 ) | |
| DEBTOR. ) | |

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice of Plan Modification Before Confirmation, Amended Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 7/18/18

Katie Hoehn, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 18-02036-jw<br>District of South Carolina<br>Charleston<br>Tue Jul 17 17:27:03 EDT 2018 | Accelerated Receivables Solutions<br>2223 Broadway Avenue<br>Scottsbluff NE 69361-1906 | Alliance One Receivables Management<br>4850 Street Road<br>Suite 300<br>Trevose PA 19053-6643 |
| Amsher Collection Services<br>4524 Southlake Pkwy<br>Suite 15<br>Birmingham AL 35244-3271 | Boss Disaster Restoration, Inc.<br>PO Box 40578<br>Charleston SC 29423-0578 | CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 |
| CVI SGP-CO Acquisition Trust C/O Resurgent C<br>P.O. Box 10675<br>Greenville, SC 29603-0675 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City UT 84130-0285 | Capital One Bank<br>PO Box 30285<br>Salt Lake City UT 84130-0285 |
| Charleston County Teachers FCU<br>4 Carriage Lane<br>Suite 401<br>Charleston SC 29407-6024 | Chas/Dorchester Comm Mental Health<br>2100 Charlie Hall Blvd<br>Charleston SC 29414-5832 | Credit Collections Services<br>Attention: Bankruptcy<br>725 Canton Street<br>Norwood MA 02062-2679 |
| FEDERAL PACIFIC CREDIT CO<br>TEMPOE, LLC/SEARS ROEBUCK<br>PO BOX 27198<br>SALT LAKE CITY  UT 84127-0198 | First Credit<br>1703 Savannah Highway<br>Unit 5<br>Charleston SC 29407-2230 | First Premier Bank<br>Po Box 5524<br>Sioux Falls SD 57117-5524 |
| Firstsoruce Advantage<br>205 Bryant Woods South<br>Buffalo NY 14228-3609 | Calvin Reginald Greene Jr.<br>1797 Greenmore Drive<br>Charleston, SC 29407-3517 | Elizabeth R Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>N. Charleston, SC 29405-8585 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Irma Greene<br>1729 Heritage Park Road<br>Charleston SC 29407-5838 | Kohl's<br>PO Box 3043<br>Milwaukee WI 53201-3043 |
| LVNV Funding LLC C/O Resurgent Capital Servi<br>P.O. Box 10675<br>Greenville, SC 29603-0675 | LVNV Funding, LLC its successors and assigns assignee of Arrow Financial Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding/Resurgent Capital<br>Po Box 10497<br>Greenville SC 29603-0497 |
| Lendmark Financial Services<br>1216 North Main Street Ste E<br>Summerville SC 29483-7344 | (p)LENDMARK FINANCIAL SERVICES<br>2118 USHER ST<br>COVINGTON GA 30014-2434 | MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Robert R. Meredith Jr.<br>4000 Faber Place Dr.<br>Suite 120<br>N. Charleston, SC 29405-8585 | National Credit Adjusters, LLC<br>327 W 4th Ave.<br>Po Box 3023<br>Hutchinson KS 67504-3023 | Navient<br>Attn: Bankruptcy<br>Po Box 9500<br>Wilkes-Barre PA 18773-9500 |

| | | |
|---|---|---|
| Navient Solutions, LLC. on behalf of<br>United Student Aid Funds, Inc.<br>GLHEC and Affiliates<br>PO BOX 8961<br>Madison, WI 53708-8961 | PYOD, LLC its successors and assigns as assi<br>of OSI Funding, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Portfolio Recovery Associates, LLC<br>c/o Colling & Winter, LLC<br>220 North Main Street<br>Suite 500<br>Greenville SC 29601-2129 | Preferred Credit Inc<br>Po Box 1970<br>St Cloud MN 56302-1970 | REGIONAL MANAGEMENT CORPORATION<br>979 BATESVILLE ROAD, SUITE B<br>GREER, SC 29651-6819 |
| Regional Finance Corp.<br>1200 Sam Rittenberg Blvd.<br>Suite B<br>Charleston SC 29407-5006 | SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 |
| Security Check<br>Attn: Bankruptcy Dept<br>2612 Jackson Ave W<br>Oxford MS 38655-5405 | Stevem L Smith<br>P.O. Box 40578<br>North Charleston, SC 29423-0578 | (p)SECURITY FINANCE CENTRAL BANKRUPTCY<br>P O BOX 1893<br>SPARTANBURG SC 29304-1893 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington DC 20530-0001 | US Attorneys Office<br>1441 Main Street<br>Suite 500<br>Columbia SC 29201-2862 |
| WESTERN SHAMROCK  D.B.A.  NATIONAL FIANCE CO<br>801 S ABE ST<br>SAN ANGELO, TX 76903-6735 | Western Shamrock Corp<br>801 S Abe St<br>Ste A<br>San Angelo TX 76903-6735 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 |
| Zales<br>PO Box 183003<br>Columbus OH 43218-3003 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Lendmark Financial Services, LLC<br>2118 Usher St<br>Covington, GA 30014 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | Sunbelt Credit<br>Attn: Bankruptcy<br>208 E. Main St.<br>Spartanburg SC 28306 |

End of Label Matrix
Mailable recipients    48
Bypassed recipients     0
Total                  48